UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ANTONIO LOYD                                           CIVIL ACTION NO. 09-221
                                                                            SECTION P

VS.                                                                                JUDGE TRIMBLE

PROBATION & PAROLE, ET AL.                     MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before us is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Antonio Loyd on February 5, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at Calcasieu Parish Jail (CPJ)[1], Lake Charles, Louisiana. He names as defendants Probation & Parole; parole officer Roland Dudley; and Lake Charles Probation and Parole supervisor Charles Finkey.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## Statement of the Case

Plaintiff, who was apparently on parole at the time he was put in CPJ on June 21, 2008, alleges that parole officer Roland Dudley tricked him into signing parole papers. More specifically, he states that defendant Dudley stopped him from reading the parole papers and told him to just sign the papers because Dudley was not trying to trick him. Plaintiff claims that he told defendant Dudley that he wanted to defer his preliminary hearing but was told no, so he asked for a preliminary hearing. Plaintiff alleges that he never waived his final revocation

---

[1] The correctional facility for Calcasieu Parish, Louisiana, is called the "Calcasieu Correctional Center," or "CCC." Insofar as plaintiff has denominated his place of incarceration in his complaint as "Calcasieu Parish Jail," that name will be used here.

1

hearing nor did he plead guilty to defendant Dudley. In regard to defendant Finkey, plaintiff claims that he wrote to Finkey for help but never received a response.

As a result of the above, plaintiff seeks a revocation hearing.

## Law and Analysis

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are nonetheless given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D. Tex. 1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely

on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Although short and concise, plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal with prejudice of his complaint. In addition, as will be discussed herein, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

## Heck Application to Section 1983 Claims

Plaintiff's complaint seeks injunctive relief as to his claim and must be dismissed at this time. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983. 512 U.S. at 489, 114 S. Ct. at 2373-74. Although the Supreme Court's *Heck* decision concerned a civil action for monetary damages, the Fifth Circuit has applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

3

Plaintiff's claims are clearly connected to the validity of his present confinement and nothing has been set aside in any of the ways described in *Heck*. Thus, any claims for relief that plaintiff asserts attacking his continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## **Habeas Corpus Claims**

Although plaintiff's suit is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the fact and duration of his confinement by contesting the revocation of his parole. As such, this Section 1983 complaint is not the proper action in which to assert these habeas corpus claims. A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S. Ct. 1198, 1203-04, 71 L. Ed. 2d 379 (1982)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Id.* (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20, 102 S. Ct. at 1203-04, 71 L. Ed. 2d 379). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 512-13, 30 L. Ed.

4

2d 438 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* A court may notice sua sponte the lack of exhaustion. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, plaintiff states in his complaint that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to exhaust his state court remedies.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Servs. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED**, in Chambers, at Lake Charles, Louisiana, this 11th day of May, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

6